2/24/2012

AO 93 (Rev. 12/09) Search and Seizure Warrant

# UNITED STATES DISTRICT COURT
for the
Eastern District of Virginia

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )     Case No. 1:11sw 69
HP TouchSmart TX2 Notebook, Serial Number: )
CNF93025TX; and Hitachi External Storage Device, )
Serial Number: PAGGOTGE; currently located at )
1400 Wilson Blvd., Arlington, VA  22209 )

UNDER SEAL

DEFENDANT'S
EXHIBIT
2

## SEARCH AND SEIZURE WARRANT

To:     Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search
of the following person or property located in the _____Eastern_____ District of _____Virginia_____
*(identify the person or describe the property to be searched and give its location)*:
See Attachment A

The person or property to be searched, described above, is believed to conceal *(identify the person or describe the
property to be seized)*:
See Attachment A

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or
property.

**YOU ARE COMMANDED** to execute this warrant on or before     18 Feb 11
                                                                                        *(not to exceed 14 days)*
☑ in the daytime  6:00 a.m. to 10 p.m.     ☐ at any time in the day or night as I find reasonable cause has been
                                                        established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property
taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the
place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an
inventory as required by law and promptly return this warrant and inventory to United States Magistrate Judge
_____Honorable Ivan D. Davis_____ .
                 *(name)*

☐ I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay
of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be
searched or seized *(check the appropriate box)* ☐ for _____ days *(not to exceed 30)*.
                                    ☐ until, the facts justifying, the later specific date of _____ .

Date and time issued:  4 Feb 11 at 1237 hrs.     _____
                                                                              *Judge's signature*

City and state:     Alexandria, Virginia     __Honorable Ivan D. Davis - United States Magistrate Judge__
                                                                  *Printed name and title*

A TRUE COPY, TESTE:
CLERK, U.S. DISTRICT COURT

DEPUTY CLERK

Approved by Assistant United States Attorney Gerald J. Smagala

215

2/24/2012

AO 106 (Rev. 06/09) Application for a Search Warrant



# UNITED STATES DISTRICT COURT
### for the
### Eastern District of Virginia

In the Matter of the Search of

*(Briefly describe the property to be searched or identify the person by name and address)*
HP TouchSmart.TX2 Notebook, Serial Number: CNF93025TX; and Hitachi External Storage Device, Serial Number: PAGGOTGE; currently located at 1400 Wilson Blvd., Arlington, VA 22209

) ) ) ) ) )

Case No.1:11sw 69

**UNDER SEAL**

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location):*
See Attachment A

located in the _____ Eastern _____ District of _____ Virginia _____ , there is now concealed *(identify the person or describe the property to be seized):*
See Attachment A

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more):*

☑ evidence of a crime;

☑ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 2252A(a)(2) | Receipt or Distribution of Child Pornography |
| 18 U.S.C. § 2252A(a)(5)(B) | Possession of Child Pornography |

The application is based on these facts:
See attached affidavit.

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

Michael L. Juni, Special Agent, U.S. Dept. of State
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 4 Feb 11

_____
*Judge's signature*

City and state: _____ Alexandria, Virginia _____

Honorable Ivan D. Davis - U.S. Magistrate Judge
*Printed name and title*

Approved by Assistant United States Attorney Gerald J. Smagala

196

2/24/2012



IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

---

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF: HP TouchSmart TX2 Notebook, Serial Number: CNF93025TX; and Hitachi External Storage Device, Serial Number: PAGGOTGE; currently located at 1400 Wilson Blvd, Arlington, VA 22209 | Case No. 1:11SW 69<br><br>UNDER SEAL |

## AFFIDAVIT IN SUPPORT OF AN APPLICATION UNDER RULE 41 FOR A WARRANT TO SEARCH AND SEIZE

I, Michael Juni, a Special Agent with the U.S. Department of State, Diplomatic Security Service, being first duly sworn, hereby depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1.     I make this affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a warrant to search an HP TouchSmart TX2 Notebook, Serial Number: CNF93025TX (Containing Seagate 320GB hard drive Serial Number: 5VD12KTA), and Hitachi External Storage Device attached to the above Notebook, Serial Number: PAGGOTGE, hereinafter "DEVICE," which is currently stored, in law enforcement possession, at the U.S. Department of State, Diplomatic Security Service, Computer Investigations and Forensics Division, for certain things particularly described in Attachment A.  There is probable cause to believe that the DEVICE contains evidence of violations of Title 18, United States

197

2/24/2012

Code, Sections 2252A(a)(2), Receipt or Distribution of Child Pornography, and 2252A(a)(5)(B), Possession of Child Pornography.

2.    I am a Special Agent with the U.S. Department of State, Diplomatic Security Service, and have been since June 2008. I am assigned to the Computer Investigations and Forensics Division, which provides computer forensics support for the Department of State. I have been trained at the Defense Cyber Investigations Training Academy, at Linthicum, Maryland in the seizure and analysis of electronically stored information. I have also completed numerous law enforcement academies and training seminars, including the Federal Law Enforcement Criminal Investigators Training Program at Brunswick, Georgia.

3.    I submit this affidavit based upon my personal knowledge and upon information that I have received from other law enforcement officers and personnel. This affidavit is intended to show only that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

## PROBABLE CAUSE

4.    On November 9, 2010, a federal search warrant was executed at a residence located at 1816 2nd Avenue, Rock Island, Illinois, in the Central District of Illinois, by agents from the U.S. Department of State, Diplomatic Security Service, as part of a document fraud and identity theft investigation. The search warrant authorized the seizure of, among other items, computers and electronic media, and the search of those devices for evidence of violations of 18 U.S.C. § 1542. At the time of the search, agents seized various computer and electronic media devices, including the DEVICE that is the subject of this search warrant.

2

198

2/24/2012

5.     The DEVICE is currently in the lawful possession of the U.S. Diplomatic Security Service, Computer Investigations and Forensics Division office located in Arlington, Virginia, in the Eastern District of Virginia. It was sent to this location on November 9, 2010, for a computer forensics examination after it was seized in Rock Island, Illinois, pursuant to the above referenced federal search warrant. Therefore, while the U.S. Diplomatic Security Service might already have all necessary authority to search the DEVICE, I seek this additional warrant out of an abundance of caution to be certain that a search of the DEVICE will comply with the Fourth Amendment and other applicable laws.

6.     The DEVICE is currently in storage at 1400 Wilson Blvd, Arlington, VA 22209. In my training and experience, I know that the DEVICE has been stored in a manner in which its contents are, to the extent material to this investigation, in substantially the same state as they were when the DEVICE first came into the possession of the U.S. Diplomatic Security Service, Computer Investigations and Forensics Division.

7.     On December 17, 2010, Scott McNamee, a contract Computer Forensic Analyst at the U.S. Diplomatic Security Service, Computer Investigations and Forensics Division in Arlington, Virginia, commenced a digital forensic examination of the DEVICE pursuant to the above referenced federal search warrant. Mr. McNamee has been a law enforcement officer and special agent for the past thirty years; most recently as a special agent assigned to the Department of Homeland Security, Coast Guard Investigative Service's Electronic Crimes Section. In that capacity he has investigated over fifteen child exploitation cases involving digital media. Mr. McNamee graduated from the Rhode Island Municipal Police Academy and holds a certification as a Certified Digital Forensic Examiner from the Defense Cyber Investigations

3

199

2/24/2012

Training Academy. He also has specialized training from the National Center for Missing & Exploited Children in protecting children online and the Institute of Police Technology and Management in Deviant Sexual Behavior and Related Criminal Activity. Mr. McNamee is a former member of the Northwest Internet Crimes against Children Task Force. He still serves as a reserve special agent with the Coast Guard Investigative Service.

8.    Prior to beginning his forensic examination of the DEVICE, Mr. McNamee accomplished a series of pre-processing and indexing steps of the files found on the DEVICE. One of the processes used was Known File Filters. Known File Filters identify files based on known hash values. Among other things, the Known File Filters alert on files identified as dangerous (e.g. malware) and/or contraband (e.g. known child pornography). The National Center for Missing and Exploited Children provides the hash values of known child pornography files to law enforcement. This enables law enforcement to identify child pornography based on the hash value of a file alone.

9.    During his examination of the DEVICE, Mr. McNamee discovered a folder called "ME" on the Hitachi External Storage Device. This folder contained images of a male observed at the residence during the execution of the search warrant in Rock Island, Illinois. Mr. McNamee was present during the execution of the search warrant and recognized the individual as the same individual in the images. It also contained a file entitled "Vicky," which the Known File Filter identified as child pornography based on the hash value of the file. The hash value of the video file in question matches the hash value of a file of known child pornography as identified by National Center for Missing and Exploited Children. Based on Mr. McNamee's past experience working on a possession of child pornography investigation, he was aware that

4

200

2/24/2012

the "Vicky" series contained images of child pornography. Mr. McNamee opened the video file briefly and observed an image of a prepubescent female and an adult male. He recognized the female from his previous experience with the "Vicky" series, which includes video of the minor female performing oral sex on an adult male.

10.    All processing of the DEVICE stopped once Mr. McNamee identified the known child pornography file.

<u>**TECHNICAL TERMS**</u>

11.    Based on my training and experience, I use the following technical terms to convey the following meanings:

    a.    "Computer" means "an electronic, magnetic, optical, electrochemical, or other high speed data processing device performing logical or storage functions, and includes any data storage facility or communications facility directly related to or operating in conjunction with such device." *See* 18 U.S.C. § 1030(e)(1).

    b.    "Computer hardware" means all equipment that can receive, capture, collect, analyze, create, display, convert, store, conceal, or transmit electronic, magnetic, or similar computer impulses or data. Computer hardware includes any data-processing devices (including, but not limited to, central processing units, internal and peripheral storage devices such as fixed disks, external hard drives, floppy disk drives and diskettes, and other memory storage devices); peripheral input/output devices (including, but not limited to, keyboards, printers, video display monitors, modems, routers, scanners and related communications devices

5

201

such as cables and connections), as well as any devices, mechanisms, or parts that can be used to restrict access to computer hardware (including, but not limited to, physical keys and locks).

c. "Computer software" means digital information which can be interpreted by a computer and any of its related components to direct the way they work. Computer software is stored in electronic, magnetic, or other digital form. It commonly includes programs to run operating systems, applications, and utilities.

d. Storage Medium: A storage medium is any physical object upon which computer data can be recorded. Examples include hard disks, floppy disks, flash memory, CD-ROMS, and several other types of magnetic or optical media not listed here.

e. IP Address: An Internet Protocol address (or simply "IP address") is a unique numeric address used by computers on the Internet. An IP address is a series of four numbers, each in the range 0-255, separated by periods (e.g., 121.56.97.178). Every computer attached to the Internet computer must be assigned an IP address so that Internet traffic sent from and directed to that computer may be directed properly from its source to its destination. Most Internet service providers control a range of IP addresses. Some computers have static—that is, long-term—IP addresses, while other computers have dynamic—that is, frequently changed—IP addresses.

f. Internet: The Internet is a global network of computers and other electronic devices that communicate with each other. Due to the structure of the Internet,

6

202

2/24/2012

connections between devices on the Internet often cross state and international borders, even when the devices communicating with each other are in the same state.

g.  "Child Erotica" means materials or items that are sexually arousing to persons having a sexual interest in minors but that are not, in and of themselves, obscene or that do not necessarily depict minors in sexually explicit poses or positions.

h.  "Child Pornography" means the definition in 18 U.S.C. § 2256(8) (any visual depiction of sexually explicit conduct where (a) the production of the visual depiction involved the use of a minor engaged in sexually explicit conduct, (b) the visual depiction is a digital image, computer image, or computer-generated image that is, or is indistinguishable from, that of a minor engaged in sexually explicit conduct, or (c) the visual depiction has been created, adapted, or modified to appear that an identifiable minor is engaged in sexually explicit conduct), as well as any visual depiction, the production of which involves the use of a minor engaged in sexually explicit conduct. *See* 18 U.S.C. §§ 2252 and 2256(2)(8).

i.  "Computer passwords and data security devices" means information or items designed to restrict access to or hide computer software, documentation, or data. Data security devices may consist of hardware, software, or other programming code. A password (a string of alpha-numeric characters) usually operates a sort of digital key to "unlock" particular data security devices. Data security hardware may include encryption devices, chips, and circuit boards. Data security software of digital code may include programming code that creates "test" keys or "hot"

7

203

2/24/2012

keys, which perform certain pre-set security functions when touched. Data security software or code may also encrypt, compress, hide, or "booby-trap" protected data to make it inaccessible or unusable, as well as reverse the progress to restore it.

j. "Internet Service Providers" or "ISPs" mean commercial organizations which provide individuals and businesses access to the Internet. ISPs provide a range of functions for their customers, including access to the Internet, web hosting, e-mail, remote storage, and co-location of computers and other communications equipment. ISPs can offer various means by which to access the Internet including telephone based dial-up, broadband based access via a digital subscriber line (DSL) or cable television, dedicated circuits, or satellite based subscription. ISPs typically charge a fee based upon the type of connection and volume of data, called bandwidth that the connection supports. Many ISPs assign each subscriber an account name such as a user name or screen name, an e-mail address, and an e-mail mailbox, and the subscriber typically creates a password for the account. By using a computer equipped with a telephone or cable modem, the subscriber can establish communication with an ISP over a telephone line or through a cable system, and can access the Internet by using his or her account name and password.

k. "Minor" means any person under the age of eighteen years. *See* 18 U.S.C. § 2256(1).

8

204

2/24/2012

l.   A "modem" translates signals for physical transmission to and from the Internet Service Provider, which then sends and receives the information to and from other computers connected to the Internet.

m.   A "router" often serves as a wireless access point and directs traffic between computers connected to a network (whether by wire or wirelessly). A router connected to the Internet collects traffic bound for the Internet from its client machines and sends out requests on their behalf. The router also distributes to the relevant client inbound traffic arriving from the Internet. The router is in turn typically connected to a modem.

n.   "Sexually explicit conduct" means actual or simulated (a) sexual intercourse, including genital-genital, oral-genital, or oral-anal, whether between persons of the same or opposite sex; (b) bestiality; (c) masturbation; (d) sadistic or masochistic abuse; or (e) lascivious exhibition of the genitals or pubic area of any persons. *See* 18 U.S.C. § 2256(2).

o.   "Visual depictions" include undeveloped film and videotape, and data stored on computer disk or by electronic means, which is capable of conversion into a visual image. See 18 U.S.C. § 2256(5).

p.   "Website" consists of textual pages of information and associated graphic images. The textual information is stored in a specific format known as Hyper-Text Mark-up Language (HTML) and is transmitted from web servers to various web clients via Hyper-Text Transport Protocol (HTTP).

12.   In my training and experience, examining data stored on devices of this type can uncover, among other things, evidence that reveals or suggests who possessed or used the device.

9

205

2/24/2012

## ELECTRONIC DEVICES AND STORAGE

13.    As described above and in Attachment A, this application seeks permission to search and seize things that the DEVICE might contain, in whatever form they are stored. Based on my knowledge, training, and experience, I know that electronic devices can store information for long periods of time. Even when a user deletes information from a device, it can sometimes be recovered with forensics tools. Similarly, things that have been viewed via the Internet are typically stored for some period of time on the device. This information can sometimes be recovered with forensics tools.

14.    Searching for the evidence described in Attachment A may require a range of data analysis techniques. In some cases, agents and computer analysts may be able to conduct carefully targeted searches that can locate evidence without requiring a time-consuming manual search through unrelated materials that may be commingled with criminal evidence. In other cases, however, such techniques may not yield the evidence described in the warrant. Criminals can mislabel or hide information, encode communications to avoid using key words, attempt to delete information to evade detection, or take other steps designed to frustrate law enforcement searches for information. These steps may require agents and law enforcement or other analysts with appropriate expertise to conduct more extensive searches, such as scanning storage areas unrelated to things described in Attachment A, or perusing all stored information briefly to determine whether it falls within the scope of the warrant. In light of these difficulties, the U.S. Department of State, Diplomatic Security Service intends to use whatever data analysis techniques appear necessary to locate and retrieve the evidence described in Attachment A.

10

206

2/24/2012

## CONCLUSION

15.    I submit that this affidavit supports probable cause for a warrant to search the

DEVICE and seize the items described in Attachment A.

Respectfully submitted,

MICHAEL L. JUNI, Special Agent
Diplomatic Security Service
U.S. Department of State

Subscribed and sworn to before me
on February 4, 2011:

THE HONORABLE IVAN D. DAVIS
UNITED STATES MAGISTRATE JUDGE

11

207

2/24/2012

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF: HP TouchSmart TX2 Notebook, Serial Number: CNF93025TX; and Hitachi External Storage Device, Serial Number: PAGGOTGE; currently located at 1400 Wilson Blvd, Arlington, VA 22209 | Case No. 1:11SW 69<br><br>UNDER SEAL |

## ATTACHMENT A

All records and items (as defined in Attachment B), contained in HP TouchSmart TX2 Notebook, Serial Number: CNF93025TX (Containing Seagate 320GB hard drive Serial Number: 5VD12KTA), and Hitachi External Storage Device attached to the above Notebook, Serial Number: PAGGOTGE, (hereinafter "DEVICE"), that relate to violations of the statutes listed on the warrant, namely violations of Title 18, United States Code, Sections 2252A(a)(2), Receipt or Distribution of Child Pornography, and 2252A(a)(5)(B), Possession of Child Pornography, including:

a. Child pornography;

b. Child erotica;

c. Visual depictions of minors engaged in sexually explicit conduct;

d. Information, correspondence, records, documents or other materials constituting evidence of or pertaining to items "a" through "c" above (namely child

208

2/24/2012

pornography, child erotica, and visual depictions of minors engaged in sexually explicit conduct), or constituting evidence of or pertaining to the possession, receipt, distribution, or transmission through interstate or foreign commerce of items "a" and "c" above, or constituting evidence of or pertaining to an interest in child pornography or sexual activity with children, including:

    i. Correspondence or communications, such as electronic mail, chat logs, and electronic messages;

    ii. Internet usage records, user names, logins, passwords, e-mail addresses and identities assumed for the purposes of communication on the Internet, billing, account, and subscriber records, chat room logs, chat records, membership in online groups, clubs or services, connections to online or remote computer storage, and electronic files;

    iii. Diaries, address books, names, and lists of names and addresses of individuals who may have been contacted by the computer and Internet websites;

    iv. Shared images, "friends lists" and "thumbnails"; and

    v. Financial records, including credit card information.

e. Any information related to sources of child pornography (including names, addresses, phone numbers, or any other identifying information);

2

209

2/24/2012

f. Evidence of who used, owned, or controlled the DEVICE at the time the things described in this warrant were created, edited, or deleted, such as logs, registry entries, configuration files, saved usernames and passwords, documents, browsing history, user profiles, email, email contacts, "chat," instant messaging logs, photographs, and correspondence;

g. Evidence of software that would allow others to control the DEVICE, such as viruses, Trojan horses, and other forms of malicious software, as well as evidence of the presence or absence of security software designed to detect malicious software;

h. Evidence of the lack of such malicious software;

i. Evidence of the attachment to the DEVICE of other storage devices or similar containers for electronic evidence;

j. Evidence of counter-forensic programs (and associated data) that are designed to eliminate data from the DEVICE;

k. Evidence of the times the DEVICE was used;

l. Contextual information necessary to understand the evidence described in this attachment.

m. Records and things evidencing the use of the Internet to communicate with search engines, including:

3

210

2/24/2012

    i.  Routers, modems, and network equipment used to connect computers to the Internet;

    ii.  Records of Internet Protocol addresses used;

    iii.  Records of Internet activity, including firewall logs, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any Internet search engine, and records of user-typed web addresses.

4

211